```
                        UNITED STATES DISTRICT COURT
                           DISTRICT OF NEW JERSEY
```

_____
                                    :
UNITED STATES OF AMERICA             :
                                    :   Crim. No. 19-233 (NLH)
     v.                             :
                                    :
BRUCE JACKSON,                       :
                                    :   **OPINION**
                                    :
          Defendant.                 :
_____:


**APPEARANCES**:

BRUCE JACKSON
#72214-050
USP LEWISBURG
U.S. PENITENTIARY
P.O. BOX 1000
LEWISBURG, PA  17837

    *Pro Se*

MARTHA KATHLEEN NYE
OFFICE OF THE US ATTORNEY
US POST OFFICE BUILDING
401 MARKET STREET - 4TH FLOOR
CAMDEN, NJ 08101

    *Counsel for the United States*


**Hillman**, **District Judge**

    Before the Court is Bruce Jackson's ("Defendant") Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  (ECF 60).  For the reasons expressed below, Defendant's Motion will be denied.

**Background**

On February 11, 2020, Defendant pleaded guilty to a one-count indictment charging him with distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1), and 2.  (See ECF 44).  Thereafter, on February 5, 2021, this Court sentenced Defendant to a term of imprisonment of 96 months and a 5-year term of supervised release with restitution of $11,000 and forfeiture of various electronic devices.  (ECF 58).  Defendant's release date is projected to be December 19, 2025.[1]

Defendant filed the instant pro se motion for compassionate release on April 5, 2021.  (ECF 60).  The Government filed a letter in opposition on June 24, 2021.  (ECF 62).  Defendant then filed another letter in further support of his motion on July 19, 2021.  (ECF 64, 65).[2]  The Court considers Defendant's motion against this factual backdrop.

**Legal Standard**

Under the First Step Act, a court may afford a defendant "compassionate release for 'extraordinary and compelling reasons.'" United States v. Sellers, 2020 WL 1972862, at *1

---

[1] FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited May 5, 2022).

[2] It appears that Defendant filed the same letter twice docketed at ECF 64 and ECF 65.

(D.N.J. Apr. 24, 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). Before bringing a motion for reduced sentence on their own behalf, defendants first "must ask the Bureau of Prisons (the "BOP") to do so on their behalf, give the BOP thirty days to respond, and exhaust any available administrative appeals." United States v. Raia, Civ. No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020) (citing § 3582(c)(1)(A)).

"Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." Sellers, 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(C)(1)(A)).

At the second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." United States v. Pabon, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

**Discussion**

1. **Defendant has satisfied the exhaustion requirements**

3

Defendant applied to the BOP for release on February 24, 2021 and did not receive a response within 30 days. (ECF 60 at 16). The Government concedes that Defendant has exhausted his administrative remedies. (ECF 62 at 6). Thus, the Court deems that threshold requirement to be satisfied.

2. **Defendant fails to establish "extraordinary and compelling" reasons for his release**

Defendant argues that his medical conditions of an endocardial cushion defect, depression, a mood disorder, posttraumatic stress disorder, his exposure to psycho-social and environmental stress as well as his history as a smoker warrant compassionate release. (ECF 60 at 1-2). He also argues that the fact that he is African American increases his risk for adverse outcomes if he contracts COVID-19. (Id.) Defendant also claims that conditions in the prison environment increase the risk of contracting COVID-19. (Id. at 2).

The Government opposes Defendant's motion and contends that Defendant has not met his burden to show "extraordinary and compelling reasons" justifying his release. They argue that the BOP has implemented a detailed action plan to address the advent of COVID-19 and that it has metrics showing that it is effectively mitigating the risks of the pandemic. (ECF 62 at 12-13). In terms of vaccinations, they point to data that shows that the BOP is diligently and swiftly vaccinating its inmate

4

population.  (Id.)  They also note Defendant was offered the vaccine and declined.  (Id. at 6).  Further, the Government relies heavily on the fact that Defendant has not explained how the medical conditions that Defendant has identified rise to the level of "extraordinary and compelling reasons" for release under § 3582(c)(1)(A).  (Id. at 12-17).  In particular, they underscore that race has not been shown to be an independent risk factor for adverse outcomes with COVID-19.  (Id. at 16).

Defendant does not present "extraordinary and compelling" reasons for his release.  The Court takes seriously Defendant's concerns about the effect of COVID-19 in the prison environment and analyzes whether he has shown "extraordinary and compelling reasons for his release" accordingly.  That said, the Court holds that Defendant has not met that standard.  First, the Court finds instructive, although not determinative,[3] the current

---

[3]  While the Court looks to § 1B1.13 as directed to by the statute, it is not, standing alone, a determinative factor in light of a lack of quorum which has prevented the Sentencing Commission from updating § 1B1.13 in response to the First Step Act.  That said, the Third Circuit has approved a district court's consideration of § 1B1.13 when it comes to evaluating motions for compassionate release filed by prisoners.  United States v. Andrews, 12 F.4th 255, 260 (3d Cir. 2021), cert. denied, No. 21-1208, 2022 WL 994375 (U.S. Apr. 4, 2022) ("The court correctly recognized that although the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons.").  Even if the Court were to assume that a revised § 1B1.13 would expand the breadth of medical situations warranting release, the result here would not be different.  As set forth in more detail in this Opinion, the Defendant fails to demonstrate that his personal circumstances

guidance by the Sentencing Commission as incorporated by § 3582(c). Defendant has not pointed to any medical conditions that militate toward release under § 3582(c)(1)(A).

The applicable guidance from the Sentencing Commission falls under Comment 1 under § 1B1.13 of the guidelines. U.S.S.G. § 1B1.13, cmt. n.1(A). The Court cannot say that Defendant's medical conditions fall into the same categories as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia[,]" examples offered by the Sentencing Commission of the types of illnesses that might constitute "extraordinary and compelling circumstances." Id.

It also cannot say that Defendant suffers from conditions that substantially "diminish[] the ability of [Defendant] to provide self-care within the environment of a correctional facility and from which he...is not expected to recover." Id. While the Centers for Disease Control and Prevention have identified heart conditions, obesity, smoker status and mental health conditions as risk factors associated with COVID-19,[4]

---

and jail conditions in light of the pandemic alone, or in tandem, represent extraordinary and compelling reasons warranting a sentence reduction and that the applicable sentencing factors under § 3553(a) similarly support such a reduction.

[4] CENTERS FOR DISEASE CONTROL AND PREVENTION, COVID-19, PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-

courts have held that the mere fact that a defendant has one or more of those conditions is not enough to warrant compassionate release. United States v. Brashear, 2021 WL 5239119, at *3 (D.N.J. Nov. 10, 2021) ("Despite the risk of COVID-19, multiple decisions in the Third Circuit, and multiple decisions in this District, have denied compassionate release to inmates suffering from obesity, hypertension, and/or other health issues."); United States v. Leger, No. CR 15-00061-01, 2021 WL 4699525, at *2 (W.D. La. Oct. 7, 2021) (holding that depression and bipolar disorder were not "extraordinary and compelling reasons" justifying release); United States v. Grant, No. 19-CR-091-JD, 2020 WL 3512306, at *3 (D.N.H. June 29, 2020) (heart condition such as endocarditis did not count as an "extraordinary and compelling reason" for release); United States v. Caraballo, No. CR 14-0255, 2022 WL 60697, at *6 n.5 (D.N.J. Jan. 6, 2022) ("Defendant's status as a former cigarette smoker does not change the Court's conclusion that he fails to show any extraordinary and compelling reasons for a sentence reduction.").

In addition, absent a viable explanation Defendant's refusal to be vaccinated cuts against granting his current motion. United States v. Estevez-Ulloa, No. 21-2432, 2022 WL

---

extra-precautions/people-with-medical-conditions.html (last visited May 5, 2022).

7

1165771, at *2 (3d Cir. Apr. 20, 2022) ("Inmates who refuse the vaccine without just cause forgo a powerful protection against illness; they cannot claim that they are at serious risk while declining a potent tool to reduce that very risk."). There also is not any evidence that Defendant's race in and of itself makes him more susceptible to a negative outcome from COVID-19. United States v. Gatson, No. 13-CR-705 (WJM), 2021 WL 3879083, at *2 (D.N.J. Aug. 31, 2021), aff'd, No. 21-2749, 2021 WL 5632079 (3d Cir. Dec. 1, 2021) ("As to Defendant's argument that his race exacerbates his risk of severe illness, the Court, in line with others in this District, finds that it does not help him establish an extraordinary and compelling reason for release."). In the absence of specific evidence showing a more heightened risk, the Court declines to find that Defendant has made a showing of medical conditions, even with the possibility of contracting COVID-19, which warrant his release.

Additionally, USP Lewisburg's mitigation efforts at controlling the spread of the coronavirus appear to be effective. Currently, USP Lewisburg has no active inmate or staff positive tests.[5] Over the course of the pandemic, one

---

[5] See FEDERAL BUREAU OF PRISONS, COVID-19 CORONAVIRUS COVID-19, https://www.bop.gov/coronavirus/ (last visited May 5, 2022).

8

inmate has died as a result of infection by COVID-19, and 352 inmates have recovered from positive infections.[6]  Id.

According to the BOP, 1,106 inmates out of a population of 1,152 at USP Lewisburg have been fully vaccinated.[7][8]  Given the well-established and accepted evidence that the available vaccines are both safe and effective, the Court believes that the vaccination rate inside USP Lewisburg weighs against Defendant's request for relief.

After a review of the record as a whole, the Court finds that Defendant, who has not shown that he is unable to manage his medical conditions at USP Lewisburg, does not present "extraordinary and compelling" reasons supporting his release. The apparent management of his health conditions and USP Lewisburg's efforts at controlling the spread of COVID-19, taken together, undermine any finding that this Defendant presents "extraordinary and compelling reasons" for his release.

### 3. 3553(a) Factors weigh against Defendant's Favor

Even if Defendant could "establish extraordinary and compelling reasons" for his release, the Court may reduce an

---

[6] Id.

[7] Id.

[8] FEDERAL BUREAU OF PRISONS, USP LEWISBURG, https://www.bop.gov/locations/institutions/lew/ (last visited May 5, 2022).

inmate's sentence only if the applicable sentencing factors under § 3553(a) warrant a reduction. Here, they do not.

Defendant principally argues that his "self-motivated rehabilitation" in the form of classes and religious programs justify his release. (ECF 60 at 2). He does not otherwise address how the calculus of the § 3553(a) factors has changed. This argument does not tilt a full balancing of the § 3553(a) factors in his favor.

The Government argues that the § 3553(a) factors weigh toward denying Defendant's motion. They point out that distribution of child pornography is a particularly reprehensible crime. (ECF 62 at 17). They further note the importance of deterring the market for these kinds of disturbing images and videos. (Id.) Finally, they point to the fact that Defendant has a prior criminal history in New Jersey for unlawful possession of a handgun and he in part committed the instant offense while on parole. (Id. at 17-18).

The Court agrees with the Government and sees no reason to disturb the sentence it previously imposed. Specifically, distribution of child pornography is a particularly heinous and damaging crime that affects its victims for years after the commission of the offense. 18 U.S.C. § 3553(a)(1). Defendant's offense was sophisticated in that he used software to download these images that was supposed to be harder to trace by law

enforcement.  Id. at § 3553(a)(2)(A).  Further, the Court finds that deterrence of this kind of crime, both specific and general, is paramount where Defendant clearly has an obsession with these types of images and where a lengthy sentence may deter others from accessing and promoting the market for child pornography.  Id. at § 3553(a)(2)(B), § 3553(a)(2)(C).

In sum, the advent of COVID-19 does not change the balance in Defendant's specific situation where he has not shown that he is at a materially increased risk of serious illness or death while incarcerated or that there has been a material difference in the § 3553(a) factors that animated the original sentence.

**Conclusion**

For the reasons set forth above, Defendant's Motion for Compassionate Release (ECF 60) will be denied.

An accompanying Order will issue.


Dated: May 19, 2022                  s/   Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.